UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MORAN FOODS, INC., d/b/a SAVE-A-LOT, LTD., <br><br> Plaintiff/ Counterclaim Defendant <br><br> v. <br><br> MID-ATLANTIC MARKET DEVELOPMENT COMPANY, LLC; MIDWEST MARKETS, LLC; ROGER V. S. CAMP; and SUSAN CAMP. <br><br> Defendants/ Counterclaimants | No. 3:00-CV-227-RM |

OPINION AND ORDER

A jury found in favor of Mid-Atlantic Market Development Co., LLC and Midwest Markets, LLC on their breach of contract counterclaim against Moran Foods, Inc. The jury fixed the amount of damages at $3,006,314. Moran thinks this amount of damages is excessive and unsupported by the evidence presented at trial. Accordingly, Moran now renews its motion for judgment as a matter of law (its oral motion was denied during the trial) pursuant to FED. R. CIV. P. 50. Moran asks the court to enter judgment in its favor on Mid-Atlantic's and Midwest's breach of contract counterclaim, or, in the alternative, to order a new trial limited to the issue of damages on that claim.

A court may set aside a jury's verdict if the winning party "has been fully

1

heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to [have found] for the party on that issue." FED. R. CIV. P. 50. *See also* Appelbaum v. Milwaukee Metro. Sewerage Dist., 340 F.3d 573, 578-579 (7th Cir. 2003) ("The standard governing a Rule 50 motion mirrors that employed in evaluating a summary judgment motion." The court looks to all the evidence in the record, construes it in the light most favorable to the nonmoving party, avoids weighing witnesses' credibility, and asks whether any reasonable jury could have found in favor of the nonmoving party.) (citations omitted). In ruling on a Rule 50 motion the court does not set itself up as the de novo factfinder; the question isn't whether the court would have reached the same verdict as the jury had this been a bench trial. The relevant inquiry is more narrow: is there a sufficient evidentiary basis from which a reasonable jury could have reached its verdict. *See* Appelbaum v. Milwaukee Metro. Sewerage Dist., 340 F.3d at 578-579.

In the alternative, a court may order a new trial under Rule 59. When, as here, the Rule 59 "motion is based primarily on the excessive nature of the damages, the jury's award may be vacated and a new trial granted only if the verdict is monstrously excessive or if there is no rational connection between the evidence on damages and the verdict." McNabola v. Chicago Transit Auth., 10 F.3d 501, 516 (7th Cir. 1992) (internal quotations and citations omitted).

The court cannot overturn the jury's verdict in this case because the evidence admitted at trial—particularly the portions of Roger Camp's testimony cited in the counterclaimants' memorandum opposing Moran's Rule 50

2

motion—provides a sufficient basis from which a reasonable jury could conclude that Mid-Atlantic and Midwest have incurred damages in the amount of $3,006,314 because of Moran's breach of contract.

Accordingly, Moran's Rule 50 motion [docket no. 309] is DENIED, and its alternative Rule 59 motion [docket no. 309] is also DENIED.

SO ORDERED.

ENTERED: August 2, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court