UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MORAN FOODS, INC., d/b/a <br> SAVE-A-LOT, LTD., <br><br> Plaintiff/ <br> Counterclaim <br> Defendant <br><br> v. <br><br> MID-ATLANTIC MARKET DEVELOPMENT <br> COMPANY, LLC; MIDWEST MARKETS, <br> LLC; ROGER V. S. CAMP; and SUSAN <br> CAMP. <br><br> Defendants/ <br> Counterclaimants | No. 3:00-CV-227RM |

OPINION AND ORDER

Susan Camp moves for an award of attorneys' fees pursuant to 15 U.S.C. § 1691e(d) following a jury's verdict in her favor on a claim she made against Moran Foods, Inc. under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f. Subsection 1691e(d) provides that successful ECOA plaintiffs may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." Mrs. Camp's motion proposes an award of attorneys' fees in the amount of $73,147.10 plus costs in the amount of $265.20. Moran disputes this amount of attorneys' fees and urges the court to award a lesser sum.

Mrs. Camp can document that she has incurred attorneys' fees from two separate law firms in the course of this litigation. The first firm was Tuesley &

1

Hall, LLP which served as Mrs. Camp's counsel from the inception of the case in April 2000 through November 2002. Since November 2002, Mrs. Camp has been represented by May Oberfell Lorber. This case has involved multiple claims and counterclaims and four separate defendants/counterclaimants (including Mrs. Camp). The involvement of May Oberfell Lorber wasn't limited to representing Mrs. Camp on her ECOA counterclaims; it represented all four defendants as to all claims and counterclaims during its involvement with the case.

In support of her request for fees and costs, Mrs. Camp submits affidavits from herself and Todd Woelfer, a partner at May Oberfell Lorber who served as her lead trial counsel; she also submits billing records from both Tuesley & Hall and May Oberfell Lorber, along with a bill of costs. There apparently is no dispute about the $265.20 she claims in costs. Mrs. Camp's affidavit says she hired both of these firms to work on her ECOA claim and says she incurred attorneys' fees in the amount of $31,229.60 from Tuesley & Hall, and $42,182.70 from May Oberfell Lorber. Mr. Woelfer's affidavit states, among other things, that he is an attorney at May Oberfell Lorber, that Mrs. Camp retained him and his firm as legal counsel on her ECOA claim, that his firm spent 189.50 hours on Mrs. Camp's behalf from October 2002 through January 2004, and that the total amount billed for these services was $41,917.50.

Moran challenges the amount of fees attributed to both law firms. Moran argues that many of the entries on the Tuesley & Hall billing summaries either show that the work performed was unrelated to Mrs. Camp's ECOA claims, or are

2

too vague to determine on which claim the attorney's time was spent. Moran contends that both firms represented not only Mrs. Camp on her ECOA counterclaims, but also represented three other defendants on multiple claims and counterclaims. Counsel for Moran has marked with an asterisk (*) each of the entries on the Tuesley & Hall billing records that Moran believes are insufficiently related to Mrs. Camp's ECOA claims. The total of the entries so marked is $16,330.50.

 Mrs. Camp replies that "as she testified at trial, the sole purpose for the retention of Tuesley & Hall was to represent [her] in her ECOA claim and the defense of her liability on the guarantee." On the surface, this argument appears to be undermined by Tuesley & Hall having appeared on behalf of all four defendants (not just Mrs. Camp). But Moran has not pointed to any document filed by Tuesley & Hall to illustrate its contention that Tuesley & Hall performed work unconnected to either Mrs. Camp's ECOA counterclaim or her closely-related defense against her guarantee liability. The court's own review of the record indicates that the law firm of Konopa Reagan & Aigotti PC handled the representation of the other parties and claims during the pre-trial stages of this litigation. Mrs. Camp's contention that she retained Tuesley & Hall only to deal with her ECOA claim and her related defense against guarantee liability, coupled with Moran's inability to cite any documents in the record to contradict that contention, persuade the court that none of Tuesley & Hall's billing entries were for work not reasonably related to the ECOA claim. Mrs. Camp's recovery of

attorneys' fees should not be reduced on this basis.

Moran also challenges many of the entries on May Oberfell Lorber's billing statements. Moran specifically objects to several billing entries next to which Mrs. Camp's counsel has hand-written the notation "½". The "½" notation is an estimation that the time was split evenly between work on the ECOA claim and other issues/claims involved in preparing for and conducting the trial. Moran says this method of apportioning the time recorded in these billing entries is a "gross over-simplification and is inaccurate."

The court agrees with Moran that simply splitting all trial-related entries in half isn't a reasonable method of estimating the apportionment of counsel's time to the ECOA claims versus all the other claims at trial. The trial was dominated by Mid-Atlantic Markets LLC's and Midwest Markets LLC's breach of contract counterclaim against Moran. As the court recalls the three-day trial proceedings it would be most accurate, i.e., most reasonable, to apportion one third of the trial-related billing entries to the ECOA claim, rather than one half.

Counsel for Moran calculates that Mrs. Camp bases at least $25,000 of her attorneys' fees claim on this half-and-half method of apportionment. Mrs. Camp doesn't dispute that in her reply; she simply defends the reasonableness of her methodology. If Mrs. Camp claims $25,000 using this half-and-half method, she has applied the method to $50,000 in fees. (One half of $50,000 is $25,000). Dividing this $50,000 amount by 3 (reflecting a 1/3 apportionment) instead of 2 yields $16,666 in trial-related fees for the ECOA claim. The difference between the

4

$25,000 claimed by Mrs. Camp and $16,666 is $8,334, so Mrs. Camp's requested amount of attorneys' fees should be reduced by $8,334.

Moran also says that Mrs. Camp shouldn't be able to recover more than $50,000 in attorneys' fees because at trial she testified that she had incurred fees of "a little over $50,000." This is unpersuasive; Mrs. Camp made it clear that the $50,000 figure didn't include fees for the three-day trial. That figure also did not include then-future fees for significant post-trial proceedings. Because Mrs. Camp has clearly incurred significant fees beyond what she could have known about at the time of her trial testimony, her recovery should not be capped at $50,000.

Finally, Moran asks the court to award Mrs. Camp only 3/7 of her attorneys' fees because she prevailed as to only three of the seven illegal gurantees on which her ECOA claim was based. Four guarantees were no longer actionable because of the statute of limitations. Moran observes that 15 U.S.C. § 1691e(d) provides for the award of attorneys' fees only "[i]n the case of any successful action." Because Mrs. Camp's claim was unsuccessful as to four of the seven guarantees Moran argues that her recovery should be reduced proportionately.

Mrs. Camp replies that she incurred the same amount of fees in bringing her claim as to all seven guarantees as she would have had she pursued only the three actionable ones. She says her attorneys would have expended the same legal effort regardless of whether her claim included "one, three, or seven guarantees." Moran hasn't argued that including the four stale guarantees in Mrs. Camp's ECOA claim increased her attorneys' fees. From the record before the court there

5

is no basis to conclude that Mrs. Camp incurred extra fees by stating her claim as to seven guarantees instead of only three, so her recovery should not be limited to 4/7 of her total fees incurred.

For all the reasons stated above, Mrs. Camp is entitled to an award of attorneys' fees in the amount of $64,813.10 (which is $73,147.10 - $8,334) on her successful ECOA claim, plus costs in the amount of $265.20.

SO ORDERED.

ENTERED: August 3, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court